WHEELER et al. v. PLUMAS COUNTY. (Circuit Court of Appeals, Ninth Circuit. March 4, 1903.) No. 833. In Error to the Circuit Court of the United States for the Northern District of California. A. E. Cheney, J. C. Campbell, and W. H. Metson, for plaintiffs in error. U. S. Webb, for defendant in error. Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This case presents substantially the same questions that are discussed and decided in Flanigan v. County of Sierra (C. C. A.) 122 Fed. 24; and upon the authority of that case the judgment of the Circuit Court is affirmed, with costs.

---

BEN ALI v. PENNSYLVANIA R. CO. (Circuit Court, S. D. New York. April 27, 1903.) Hoffman & Wahle, for plaintiff. Robinson, Biddle & Ward, for defendant.

PLATT, District Judge. This is a demurrer in an action at law and attacks the right of the plaintiff to bring the suit. It is claimed, further, that it is apparent upon the face of the papers that by no possible amendment can a cause of action be stated. It is so obvious that both contentions are unassailable that no comment is required. Let the demurrer be sustained, and the complaint dismissed, with costs.

---

DEVLIN v. PEEK et al. (Circuit Court, S. D. New York. May 2, 1903.) Francis Forbes, for the motion. Wm. G. McCrea, opposed.

LACOMBE, Circuit Judge. In view of the conditions of the business of making and selling toothache specific, in the dress of which so many samples have been presented on the motion, during the past few years, I am clearly of opinion that a preliminary injunction should not be granted. Where the field has been so fully occupied by goods so similar in appearance to complainant's, he should wait until final hearing for a determination as to his rights. The motion is denied, and the temporary restraining order vacated.

---

MUIR v. PREFERRED ACCIDENT INS. CO. (Circuit Court, E. D. Pennsylvania. May 27, 1903.) No. 18. A. D. MacDade and W. B. Broomall, for plaintiff. R. C. Dale, for defendant.

DALLAS, Circuit Judge. I have attentively considered the very ingenious argument which has been submitted in support of the defendant's motion for a new trial, but have not been convinced by it. The construction sought to be put upon several of the clauses of the policy in suit, as applied to the undisputed facts of this case, is in each instance, I think, too subtle, strained, and unnatural to be adopted at the instance of the company by which that policy was framed and issued. The motion for a new trial is denied.